**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JAMES BASSIL, #38590-007 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-15-2291 |
| ERIC MYRIECKES | * | |
| JAVENNA MYRIECKES | | |
| TRACY Y. DAVIS | * | |
| CHRISTINA SHELLY | | |
| DOCUVERSION, LLC | | |
| | * | |
| Defendants | | |

\*\*\*

**MEMORANDUM**

James Bassil filed a complaint on August 5, 2015, alleging breach of contract. ECF 1. He also filed a motion to proceed in forma pauperis. ECF 2. Because plaintiff, a prisoner, has not provided a copy of his trust fund account statement denoting assets and expenses over the previous six months, his motion cannot be granted. *See* 28 U.S.C. § 1915(a)(2).

The complaint seeks damages totaling $200,000. ECF 1 at 5. Plaintiff, who resided in Maryland at all times relevant to this action,[1] alleges that Eric and Javenna Myrieckes, the owners of Vision House Publishing Company, Docuversions, and Street Corner Hustlers, have breached a contractual agreement to publish and promote plaintiff's book.[2] Plaintiff notes that he "resides in the State of Maryland; The 'Contracts' was [sic] made and signed in the State of

---

[1] At the time plaintiff executed an "Exclusive Publishing License Agreement" with Vision House Publishing, he lived in Upper Marlboro, Maryland. He is currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland.

[2] Plaintiff also names Tracy Y. Davis and Christina Shelly in the caption of his complaint but provides no allegations against them.

Maryland'; The Defendants' business is in the State of Maryland; and the 'contracts' were made while Plaintiff was in Federal custody." ECF 1 at 1.

This Court, like all federal courts, has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Under 28 U.S.C. § 1331, a court may obtain subject matter jurisdiction in a case involving a federal question.  Under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 559 U.S. at 96.  There is no federal issue presented in the complaint.  Rather, the cause of action is more closely akin to a breach of contract claim which, under some circumstances, may be litigated in this Court under its diversity jurisdiction. *See* 28 U.S.C. §1332(a).

As noted, this court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. *Id.*  The amount in controversy is established by the damages sought in the complaint.  "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount


claimed.'" *JTH Tax, Inc. v. Frashier*, 624 F. 3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Although the damages claimed by plaintiff are sufficient to satisfy the amount in controversy requirement, plaintiff and most (if not all) of the parties are citizens of Maryland. Thus, this court may not exercise diversity jurisdiction. Absent a basis for jurisdiction, the case must be dismissed.[3]

Date: August 10, 2015                               _____/s/_____
                                                                     Ellen Lipton Hollander
                                                                     United States District Judge

---

[3] Plaintiff may pursue his claim in the appropriate state court. This court makes no finding as to the merits of the claim.